[Nos. 33729, 33730. Department One. May 23, 1957.]

THE STATE OF WASHINGTON, *Plaintiff*, v. ERMIE ESTILL, *Defendant*.

*In the Matter of the Commitment of* C. J. BROOKS *for Contempt of Court.*

*In the Matter of the Commitment of* ROBERT REDDITT *for Contempt of Court.*[1]

*John Caughlan*, for appellants.

*Charles O. Carroll* and *James A. Andersen*, for respondent.

*Byron D. Coney, amicus curiae.*

MALLERY, J.—Defendants, C. J. Brooks and Robert Redditt, were found in contempt of court and sentenced therefor. They have appealed.

[1]Reported in 311 P. (2d) 667.

Brooks is the fiance of Ermie Estill and Redditt is her father. They gave testimony as defense witnesses in her trial before a jury for the crime of *perjury by false declaration of resource statement.*

The nature of the contempt appears in this language contained in the court's order:

" . . . that immediately following the testimony of each of said witnesses, each was admonished by this court to remain in attendance and did so remain; that on this March 22, 1956, date the court did, out of the presence of the jury, sign an order citing said witnesses Robert Redditt and C. J. Brooks for contempt of court *on the basis of the clearly apparent and partly conceded perjury* of each of said witnesses in the testimony of said witnesses; . . ." (Italics ours.)

The court's order adjudging contempts of court and imposing penalties sets out in detail the testimony of each appellant, which was held to be false and to constitute perjury. The order then recites the following:

"IT IS ORDERED AND ADJUDGED that Robert Redditt and C. J. Brooks, and each of them, are guilty of Contempt of Court in that they, and each of them, were *contemptuous* toward this court and to this judge while holding court, and said conduct tended to *impair the authority* of the court and to *interrupt the course* of the trial, and that said conduct prejudiced the rights of the plaintiff, State of Washington; and Robert Redditt shall pay a fine of $100 and serve a term of ten days in the King County Jail, and C. J. Brooks shall pay a fine of $100 and serve a term of 30 days in the King County Jail." (Italics ours.)

The above italicized words show that the court predicated its action upon the authority of RCW 7.20.010 [*cf.* Rem. Rev. Stat., § 1049], which reads:

"The following acts or omissions, in respect to a court of justice or proceedings therein, are deemed to be contempts of court:

"(1) Disorderly, contemptuous or insolent *behavior* toward the judge while holding the court, tending to impair its authority, or to interrupt the due course of a trial or other judicial proceedings. . . ." (Italics ours.)

We do not question the court's finding that the testimony was perjury or that it was intentional and willful, and given for the purpose of affecting the outcome of the trial in which they were materially, though indirectly, interested.

We do not understand, however, that the tone of voice or demeanor of the witnesses on the stand, in the presence of the court and jury, were offensive to the court. It does not appear that they were guilty of any unseemly conduct.

■ The substance of the testimony of a witness, as distinguished from his behavior and demeanor, cannot be the basis for a contempt under subd. (1) above quoted, which applies to *behavior* only. This is true even though the perjury in question is intended to affect the outcome of the trial and produce a miscarriage of justice.

This ruling raises two other questions: (1) Is the perjury in question a contempt under the purview of any other subdivision of the statute in question, or (2) under the common law?

The statutory definition of contempts of court is contained in RCW 7.20.010 [*cf.* Rem. Rev. Stat., § 1049] and reads:

"The following acts or omissions, in respect to a court of justice or proceedings therein, are deemed to be contempts of court:

"(1) Disorderly, contemptuous or insolent behavior toward the judge while holding the court, tending to impair its authority, or to interrupt the due course of a trial or other judicial proceedings.

"(2) A breach of the peace, boisterous conduct or violent disturbance tending to interrupt the due course of a trial or other judicial proceeding.

"(3) Misbehavior in office or other wilful neglect or violation of duty by an attorney, clerk, sheriff or other person appointed or selected to perform a judicial or ministerial service.

"(4) Deceit, abuse of the process or proceedings of the court by a party to an action, suit or special proceeding.

"(5) Disobedience of any lawful judgment, decree, order or process of the court.

"(6) Assuming to be an attorney or other officer of the court, and acting as such without authority in a particular instance.

"(7) Rescuing any person or property in the lawful custody of an officer, held by such officer under an order or process of such court.

"(8) Unlawfully detaining a witness or party to an action, suit or proceeding, while going to, remaining at or returning from the court where the same is for trial.

"(9) Any other unlawful interference with the process or proceedings of a court.

"(10) Disobedience of a subpoena duly served, or refusing to be sworn or answer as a witness.

"(11) When summoned as a juror in a court, improperly conversing with a party to an action, suit or proceeding to be tried at such court, or with any other person in relation to the merits of such action, suit or proceeding, or receiving a communication from a party or other person in respect to it, without immediately disclosing the same to the court.

"(12) Disobedience by an inferior tribunal, magistrate or officer, of the lawful judgment, decree, order or process of a superior court, or proceeding in an action, suit or proceeding, contrary to law, after such action, suit or proceeding shall have been removed from the jurisdiction of such inferior tribunal, magistrate or officer."

■ Subdivision (9) is the only subdivision of the above-quoted statute that could have reference to perjury under any circumstances. It defines a contempt as any other unlawful interference with the process or proceedings of the court. Perjury that affects the judicial process, as distinguished from the judgment, is contempt of court. For instance, the perjury of a person ineligible to sit as a juror, which is committed in order to become a juror with the intention of corrupting the judicial process, or the perjury of a party or a witness, which is committed to affect the court's conduct of the trial, is contempt of court under subd. (9).

■ The instant perjury does not fall under subd. (9). It was committed for the purpose of influencing the outcome of the trial, but it did not corrupt the judicial process as such.

■ As to the existence of common-law contempts in this state, we have set out the statutory definition in its entirety because its comprehensive nature indicates that the legislature intended to cover the entire field of contempts. The leg-

islature has the power of superseding the common law. It has elected to do so in this instance. We, therefore, limit ourselves to an interpretation of the statute.

The judgment is reversed.

HILL, C. J., FINLEY, WEAVER, and OTT, JJ., concur.